**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**KAREN GABRIEL, as parent and next friend
of Infant John Doe**                                                  **PLAINTIFF**

v.                    No. 4:19-cv-00663-KGB

**PULASKI COUNTY SPECIAL
SCHOOL DISTRICT**                                                           **DEFENDANT**

## ANSWER

COMES NOW Defendant, Pulaski County Special School District ("District"), by and through its attorneys, Bequette, Billingsley & Kees, P.A., and for its Answer to Plaintiff's Complaint, states:

1. The District admits this is an action to secure relief for Plaintiff and that jurisdiction is proper, but the District denies that it has in any way violated Plaintiff's constitutional rights.

2. The District admits the allegations contained in ¶ 3 of Plaintiff's Complaint.

3. The District admits that this action is brought pursuant to the laws referenced in ¶ 4 of Plaintiff's Complaint, but the District denies that it in any way violated Plaintiff's rights under the law.

4. The District admits the allegations contained in ¶¶ 5-6 of Plaintiff's Complaint.

5. The District admits Plaintiff Gabriel has enrolled Doe at Mills High School, but denies the remaining allegations contained in ¶ 7 of Plaintiff's Complaint.

6. The District is without information or belief as to Plaintiff Gabriel's military status and therefore denies the same. The District admits Doe is enrolled at Mills High School and is participating in the Junior Officer Reserve Training Corps ("JROTC"), but denies the remaining allegations contained in ¶ 8 of Plaintiff's Complaint.

7. The District denies the allegations contained in ¶ 9 of Plaintiff's Complaint. Pleading affirmatively, Doe was allowed to attend Mills High School, which is not his resident school, pursuant to an intra-District transfer granted by the District. Doe did not transfer pursuant to the Arkansas School Choice law. The District does not seek to limit Doe's participation in athletic activities but is following the guidelines established by the Arkansas Activities Association ("AAA"). The District denies that it has unilaterally decided Doe cannot participate in athletic activities at Mills High School, but that Doe's inability to participate in athletic activities is based on rules promulgated by the AAA, for which the District is a member. The District denies the remaining allegations contained in ¶ 9 of Plaintiff's Complaint.

8. The District admits Doe was a member of the Sylvan Hills High School basketball team during the 2018-2019 school year, but the District denies that it is opposed to Doe playing basketball at Mills High School. The District is simply following rules promulgated by the AAA, for which it is a member.

9. The District admits that Tracy Allen, Principal at Sylvan Hills High School, has refused to sign the Changing Schools/Athletic Participation (CSAP) form, an Arkansas Activities Association form, as it required Allen to stipulate to the best of his knowledge that Doe was not recruited or changing schools for athletic purposes. Allen is unwilling to make this attestation, as it is his sincere belief, based on conversations with Plaintiff Gabriel and Sylvan Hills Coach Kevin Davis, that Doe is indeed transferring schools for athletic purposes. The District denies the remaining allegations contained in ¶ 11 of Plaintiff's Complaint.

10. The District denies that there was an "Exhibit A" attached to Plaintiff's Complaint, but the District is aware of the Changing Schools/Athletic Participation (CSAP) form created and provided by the AAA.

11. The District denies the allegations contained in ¶ 13 of Plaintiff's Complaint. Principal Tracy Allen, who is the administrator that must sign the CSAP form stipulating that to the best of his knowledge the Student is not changing schools for athletic purposes, came upon information directly and indirectly which led him to reasonably believe Doe was attempting to locate to Mills for athletic purposes. Namely, Plaintiff Gabriel complained about the Sylvan Hills basketball program in the Spring of 2019, and commented that Principal Allen, a former basketball coach, should coach the team, indicating Plaintiff Gabriel's discontent with the Sylvan Hills High School basketball program. Furthermore, Doe told Coach Davis that he would be attending Mills High School for the 2019-2020 school year as his mom and older brother wanted him to play under the basketball coach at Mills High School, as Doe's older brother had played for him years earlier. Accordingly, these direct and indirect conversations led Principal Allen to the ongoing and reasonable belief that Doe was seeking to attend Mills High School for athletic purposes.

12. The District denies the allegations contained in ¶ 14 of Plaintiff's Complaint. It is well established case law that Doe has no constitutional right to play sports or engage in school activities. *See Ark. Activities Ass'n v. Meyer*, 304 Ark. 718, 805 S.W.2d 58, 61 (Ark. 1991). Furthermore, Principal Allen's decision not to perjure himself and sign the CSAP form was based on neutral, non-discriminatory reasons.

13. The District denies the allegations contained in ¶ 15. Plaintiff Doe (whose identity is known to the District) moved to the Cabot School District's boundaries, which was his domicile for purposes of his resident school. Accordingly, pursuant to AAA rules, a student's eligibility for interscholastic athletics shall be in the public school district of the parent's domicile. *See* 2019-2020 AAA Handbook, Rule 1 DOMICILE, excerpts of which are attached hereto as Exhibit 1, at pg. 34. Accordingly, Richard Doe is not a comparator to Plaintiff Doe, as Richard Doe made the Cabot School District his domicile, while Plaintiff Doe is not domiciled in the Mills High School

zone, he still resides in the Sylvan Hills High School zone. The District is without specific information or belief as to Richard Doe's participation in any basketball program after he left the Pulaski County Special School District, besides its admissions in the preceding paragraph. Accordingly, the District denies the remaining allegations contained in ¶ 16 of Plaintiff's Complaint.

14. The District denies the allegations contained in ¶ 17 of Plaintiff's Complaint. Race played absolutely no part in the decisions at issue, but all decisions were made on neutral, non-discriminatory reasons. The District followed all applicable rules promulgated by the AAA.

15. The District denies the allegations contained in ¶ 18 of Plaintiff's Complaint.

16. The District admits that it is aware of all applicable laws and that all students are to be treated fairly and free from discrimination, which the District practices in all of its actions. The District admits its obligations under Desegregation Plan 2000 and denies that it has in any way violated its rights owed to Plaintiff.

17. The District denies all averments and requests for relief in the WHEREFORE clause of Plaintiff's Complaint.

18. Except where previously admitted herein, the District denies each and every allegation set forth in the Complaint.

19. The District reserves the right to plead further by way of counterclaim, third party claim, or amended answer pending discovery in this litigation.

## JURY DEMAND

20. The District respectfully requests trial by jury on all issues triable by a jury.

## AFFIRMATIVE DEFENSES

21. The District affirmatively states that the Complaint is barred pursuant to Fed. R. Civ. P. 12(b).

22. The District affirmatively pleads all defenses available pursuant to Fed. R. Civ. P. 8.

23. The District affirmatively states that Plaintiff's claims are barred by principles of statutory and governmental immunity.

24. The District affirmatively pleads that Plaintiff has not taken appropriate steps to mitigate any alleged damage and therefore is entitled to no damages whatsoever.

25. The District asserts that it acted reasonably and in compliance with the law at all times relevant hereto.

26. The District affirmatively states that it did not authorize any unlawful acts of which Plaintiff complains.

27. The District affirmatively states that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

WHEREFORE, Defendant, Pulaski County Special School District, prays that Plaintiff's Complaint be dismissed; for the District's attorneys' fees and costs incurred herein; and for all other appropriate relief to which the Pulaski County Special School District may be entitled.

    Respectfully submitted,

    BEQUETTE, BILLINGSLEY & KEES, P.A.
    425 West Capitol Avenue, Suite 3200
    Little Rock, AR 72201-3469
    Phone: (501) 374-1107
    Fax: (501) 374-5092
    Email: jbequette@bbpalaw.com
    Email: ckees@bbpalaw.com

    By: **Cody Kees**
        Jay Bequette, #87012
        W. Cody Kees, #2012118

*Attorneys for Defendant*